# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. ROLF, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09-0270-CV-W-FJG ) |
| KRAFT FOODS GLOBAL, INC., | ) ) |
| Defendant. | ) |

## ORDER

Pending before the Court is defendant Kraft Foods Global, Inc.'s ("Kraft") Motion for Summary Judgment (Doc. No. 64) and Motion for Sanctions and to Dismiss Pursuant to Rule 37(d) (Doc. No. 63).

**I.    BACKGROUND**

Plaintiff Rolf filed the instant suit against Kraft on April 17, 2009, alleging strict product liability for manufacturing tainted cookies.[1] Rolf purchased several unopened packages of Nabisco Chips Ahoy chocolate chip cookies and alleges he became ill and "high" after he consumed one package of cookies.

Plaintiff failed to file any Rule 26(a) initial disclosures identifying witnesses, relevant documents, and categories of alleged damages. Plaintiff did not identify any expert witnesses or file any Rule 26 expert witness reports. In addition, Rolf failed to

---

[1] In accordance with Local Rule 56.1(a), "[a]ll facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." See Ruby v. Springfield R-12 Public School District, 76 F.3d 909, 911 n. 6 (8th Cir. 1996). Accordingly, all facts set forth in the Court's statement of facts will be taken from defendant's Motion for Summary Judgment (Doc. No. 64) and its Suggestions in Support (Doc. No. 65).

respond to Kraft's Interrogatories and Requests for Production of Documents, despite defendant's repeated requests made in letters to Rolf dated September 22, 2009, November 24, 2009, and December 14, 2009. Rolf also failed to appear for his properly noticed deposition on December 21, 2009. Finally, tests were performed on the subject cookies on May 6, 2009, and revealed the existence of no abnormalities. Discovery closed on December 30, 2009, and defendants filed the Motion for Summary Judgment (Doc. No. 65) and Motion for Sanctions and to Dismiss Pursuant to Rule 37(d) (Doc. No. 63) on January 27, 2010. Plaintiff did not file an opposition to either motion and both are ripe for ruling.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of

2

the legal issues involved.  Lower Brule, 104 F.3d at 1021.  Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment.  Id.  Rather, "the disputes must be outcome determinative under prevailing law."  Id. (citations omitted).

### III.  DISCUSSION

The case at bar is a diversity action and thus governed by Missouri substantive law.  Erie R.R. v. Tompkins, 304 U.S.64 (1938).  Under Missouri law, the term "products liability claim" means a claim or portion of a claim in which the plaintiff seeks relief in the form of damages on a theory that the defendant is strictly liable for such damages because:

> (1) The defendant, wherever situated in the chain of commerce, transferred a product in the course of his business; and
>
> (2) The product was used in a manner reasonably anticipated; and
>
> (3) Either or both of the following:
>
> (a) The product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or
>
> (b) The product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

Mo. Rev. Stat. § 537.60; see also Long v. Cottrell, Inc., 265 F.3d 663, 669 (8th Cir. 2001).  Plaintiff has the burden of proof for each element of strict product liability.  Sappington v. Skyjack, Inc., 512 F.3d 440, 446 (8th Cir. 2008).

The Court must view the facts and inferences in the light most favorable to plaintiff as the non-moving party.  Fed. R. Civ. P. 56(c).  However, plaintiff did not

3

respond to defendant's discovery requests, did not propound any discovery requests of his own, and otherwise failed to produce any evidence in support of his claim that the cookies were tainted, including evidence of injury, any medical treatment, or any other form of damages.  Due to the void of evidence in support of plaintiff's claim there is no genuine issue of material fact as to whether the subject cookies were tainted, and defendant is entitled to judgment as a matter of law.

Accordingly, the Court hereby **GRANTS** defendant's Motion for Summary Judgment (Doc. No. 64) and **DENIES AS MOOT** defendant's Motion for Sanctions and to Dismiss Pursuant to Rule 37(d) (Doc. No. 63).

**IT IS FURTHER ORDERED THAT** the Clerk of the Court is directed to send a copy of this Order to plaintiff by regular United States mail and by certified mail, return receipt requested, to the following address: Post Office Box 413709, Kansas City, Missouri 64141-3709.

**IT IS SO ORDERED.**

Date:  03/30/10            **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri            Fernando J. Gaitan, Jr.
            Chief United States District Judge